

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRANDON BOWDITCH,

    Defendant.
_____/

Case:2:22-cr-20554
Judge: Leitman, Matthew F.
MJ: Stafford, Elizabeth A.
Filed: 10-25-2022 At 03:33 PM
INDI USA V BRANDON BOWDITCH (LG)

## INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE
18 U.S.C. § 1343 - *Wire Fraud*

1.    Beginning in or around at least April 2020 and continuing until in or around October 2020, in the Eastern District of Michigan, defendant BRANDON BOWDITCH, with the intent to defraud, knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses and representations.

2.    The purpose of the scheme and artifice was for BRANDON BOWDITCH to unlawfully obtain state and federal unemployment insurance ("UI") benefit money.

3.    It was part of the scheme and artifice that false and fraudulent UI

benefits claims in BRANDON BOWDITCH's name were submitted to multiple states, including California and Arizona.

4. It was further part of the scheme and artifice that, for the UI benefit claim submitted to California, BRANDON BOWDITCH falsely certified and caused to be certified that he resided and had been self-employed in California.

5. It was further part of the scheme and artifice that, for the UI benefit claim submitted to Arizona, BRANDON BOWDITCH falsely certified and caused to be certified that he was unemployed in Arizona due to COVID-19.

6. It was further a part of the scheme and artifice that, for the UI benefit claims submitted to California and Arizona, BRANDON BOWDITCH would cause a bank to mail a debit card to an address of his choice. These debit cards ("UI debit cards") were then loaded, electronically, with state and federal UI benefits by the various state treasury departments.

7. It was further a part of the scheme and artifice that once BRANDON BOWDITCH obtained these UI debit cards, he would use the funds contained thereon in the Eastern District of Michigan and elsewhere.

8. During the time period set forth above, in the Eastern District of Michigan, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, BRANDON BOWDITCH knowingly transmitted and caused the transmission by means of wire communication,

writings, signals, pictures, and sounds in interstate commerce, in the form of: (1) interstate electronic transfers of funds onto UI debit cards, representing UI benefits that he fraudulently obtained, and (2) the interstate electronic transmission of information from automated teller machines and terminals in the Eastern District of Michigan to Bank of America servers located outside of the State of Michigan.

All in violation of Title 18, United States Code, Section 1343.

## **FORFEITURE ALLEGATIONS**

9. The allegations contained in this Indictment are realleged and incorporated by reference to allege forfeiture under Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 982(a)(5), and Title 28, United States Code, Section 2461(c).

10. Upon being convicted of the offense in violation of Title 18, United States Code, Section 1343, the defendant shall forfeit to the United States, under Title 18, United States Code, Section 981(a)(1)(C), together with Title 28, United States Code, Section 2461, any property, which constitutes, or is derived from, proceeds obtained directly or indirectly as a result of such violation.

11. The forfeiture in this case may include entry of a forfeiture money judgment in an amount up to the value of the property subject to forfeiture for the violations of conviction.

12. If, by any act of omission of the defendant, the proceeds of the

offenses: cannot be located upon the exercise of due diligence, have been transferred, sold to, or deposited with a third party, have been placed beyond the jurisdiction of the court, have been substantially diminished in value, or have been commingled with other property which cannot be divided without difficulty, the United States of America shall seek to forfeit substitute property under Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

THIS IS A TRUE BILL

s/ Grand Jury Foreperson
GRAND JURY FOREPERSON

DAWN N. ISON
United States Attorney

s/ Craig F. Wininger
CRAIG F. WININGER
Chief, Violent & Organized Crime Unit

s/ Trevor M. Broad
TREVOR M. BROAD
RANYA ELZEIN
Assistant United States Attorneys

Dated: October 25, 2022

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case: 2:22-cr-20554<br>Judge: Leitman, Matthew F.<br>MJ: Stafford, Elizabeth A.<br>Filed: 10-25-2022 At 03:33 PM<br>INDI USA V BRANDON BOWDITCH (LG) |
|---|---|---|
| NOTE: It is the responsibility of the Assistant U.S. Attorney signing this fo | | |

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based on LCrR 57.10(b)(4)[1]: | |
| ☐ Yes ☑ No | AUSA's Initials: TMB |

Case Title: <u>USA v. Brandon Bowditch</u>

County where offense occurred: <u>Wayne</u>

Offense Type: <u>Felony</u> ✓

Indictment -- prior complaint **[Case No. 22-mj-30273]**

**Superseding Case Information**

**Superseding to Case No:** _____ **Judge:** _____

**Reason:**

| **Defendant Name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case**

<u>October 25, 2022</u>
Date

Trevor M. Broad  P73495
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
trevor.broad@usdoj.gov
(313) 226-0210

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.