United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                              Case No. 2:22-cr-20554

v.

                              Hon. Matthew F. Leitman

Brandon Bowditch,

        Defendant.

_____/

## Plea Agreement

The United States of America and the defendant, Brandon Bowditch, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1.    Count of Conviction**

The defendant will plead guilty to Count 1 of the Indictment. Count 1 charges the defendant with Wire Fraud under 18 U.S.C. § 1343.

**2.    Statutory Maximum Penalties**

The defendant understands that the count to which he is pleading guilty carries the following maximum statutory penalties:

| Count 1 | Term of imprisonment: | 20 years |
| | Fine: | $250,000 or twice the loss |
| | Term of supervised release: | 3 years |

## 3.   Agreement Not to Bring Additional Charges

If the Court accepts this agreement and imposes sentence consistent with its

terms, the United States Attorney's Office for the Eastern District of Michigan will

not bring additional Wire Fraud charges under 18 U.S.C. § 1343 against the

defendant in connection with the defendant's conduct described in the Factual

Basis (outlined below) or the defendant's involvement in the filing of a fraudulent

claim in his name for the Paycheck Protection Program small business loan in in

2021.

## 4.   Elements of Count of Conviction

The elements of Count 1 are:

1. The defendant knowingly participated in, devised, or intended to devise, a

scheme to defraud in order to deprive another of money or property, that is

to obtain money and property by means of materially false and fraudulent

pretenses and representations;

2. The scheme included a material misrepresentation or concealment of a

material fact;

3. The defendant had the intent to defraud; and

4. The defendant used wire, radio or television communications, or caused
another to use wire, radio or television communications, in interstate or
foreign commerce in furtherance of the scheme.

5.    **Factual Basis**

The parties agree that the following facts are true, accurately describe the
defendant's role in the offense, and provide a sufficient factual basis for the
defendant's guilty plea:

Between April 2020 and October 2020, in the Eastern District of Michigan,
the defendant, with the intent to defraud, knowingly devised and participated in a
scheme to defraud to obtain money by means of materially false representations.
The purpose of the scheme was for the defendant to unlawfully obtain state and
federal unemployment insurance ("UI") benefit money.

As part of the scheme, on June 12, 2020, the defendant submitted an online
application for UI benefits in his name and social security number to Arizona's UI
agency with the intent of obtaining UI benefits to which he knew he was not
lawfully entitled. In that application, the defendant falsely certified that he resided
in Arizona, that he received wages in Arizona in 2019, and that he became
unemployed in Arizona due to the COVID-19 pandemic. The Arizona UI agency
approved the defendant's application, based in part on these representations. The

Arizona UI agency paid the defendant $9,960 in fraudulently obtained UI benefits, which were electronically loaded onto Bank of America debit cards that were then mailed to an address in the defendant's control. The defendant used those funds for his own personal benefit. The loading of those funds onto the debit card constitutes an interstate wire communication.

Also as part of the scheme, on July 17, 2020, the defendant submitted an online application for UI benefits in his name and social security number to California's UI agency with the intent of obtaining UI benefits to which he knew he was not lawfully entitled. In that application, the defendant falsely certified that he resided in California and that he was previously employed in California. The California UI agency approved the defendant's application, based in part on these representations. The California UI agency paid the defendant $18,600 in fraudulently obtained UI benefits, which were electronically loaded onto Bank of America debit cards that were then mailed to an address in the defendant's control. The loading of those funds on to the debit cards constitutes interstate wire communications. The defendant used those funds for his own personal benefit.

Specifically, on September 9, 2020, the defendant withdrew $1,000 of the fraudulently obtained UI benefits connected to his California claim from a Bank of America ATM in Southfield, Michigan. The withdrawal of those funds caused an

interstate wire communication from the ATM in Michigan to Bank of America's servers outside of Michigan.

Also as part of the scheme, between August 2020 and October 2020, the defendant submitted online applications for UI benefits in his name and social security number to UI agencies in Hawaii, Kansas, and Guam with the intent of obtaining UI benefits to which he was not lawfully entitled.

The total loss amount attributable to the defendant as a result of his participation in the scheme is $28,560.

### 6.    Advice of Rights

The defendant has read the Indictment, has discussed the charges and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.    The right to confront and cross-examine adverse witnesses at trial;

F.    The right to testify or not to testify at trial, whichever the defendant chooses;

G.    If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.    The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.    The right to compel the attendance of witnesses at trial.

## 7.   Collateral Consequences of Conviction

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant

nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 8.    Defendant's Guideline Range

### A.    Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B.    Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.    Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

| | | |
|---|---|---|
| Base Offense Level | 7 | 2B1.1(a)(1) |
| Loss Amount - $15,000 to $40,000 | +4 | 2B1.1(b)(1)(C) |

### D.    Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing purposes.

### E.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.    Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

9. **Imposition of Sentence**

    A.    **Court's Obligation**

    The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

    B.    **Imprisonment**

        1.    **Recommendation**

    Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the top of the defendant's guideline range as determined by the Court.

        2.    **No Right to Withdraw**

    The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.    Supervised Release

#### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties

recommend that the Court impose a three-year term of supervised release.

#### 2.    No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant

understands that he will have no right to withdraw from this agreement or

withdraw his guilty plea if the Court decides not to follow the parties'

recommendation. The defendant also understands that the government's

recommendation concerning the length of the defendant's sentence of

imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any

term of imprisonment that results from any later revocation of the defendant's

supervised release.

### D.    Fines

There is no recommendation or agreement as to a fine.

### E.    Restitution

The Court must order restitution to every identifiable victim of the

defendant's offense. There is no recommendation or agreement on restitution. The

Court will determine at sentencing who the victims are and the amounts of

restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

### F.    Forfeiture

Pursuant to Fed. R. Crim. P. 32.2, 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461, the defendant agrees to forfeit to the United States any and all property, real or personal, which constitutes proceeds obtained or derived, directly or indirectly, from the defendant's violation of 18 U.S.C. § 1343 as charged in Count 1 of the Indictment.

The defendant also agrees, pursuant to Fed. R. Crim. P. 32.2, 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, to the entry of a personal forfeiture money judgment against him in favor of the United States in the amount of $28,560.00, which represents the amount of proceeds the defendant obtained or derived, directly or indirectly, from his violation of 18 U.S.C. § 1343.

The defendant agrees that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of the defendant. To satisfy the money judgment, the defendant explicitly agrees to the forfeiture of any assets he has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

The defendant agrees to the entry of one or more orders of forfeiture, including a Preliminary Order of Forfeiture, containing the above referenced forfeiture of proceeds and the forfeiture money judgment, upon application by the United States at, or any time before, his sentencing in this case. The defendant agrees to sign such an order, indicating he consents to its entry if requested to do so by the government. The defendant agrees that the forfeiture order will be final and effective as to him upon entry by the Court.

The defendant agrees to complete and return a Financial Disclosure Form within three weeks of receiving it from government counsel, which may be used in

any lawful manner to collect the money judgment amount and/or restitution, and which may be disclosed to any agencies or personnel of the government for that purpose. The financial statement shall disclose and list all assets, funds and property of any kind in which the defendant has an interest, all liens and encumbrances against such assets, funds and property, and all of the defendant's liabilities. The financial statement must be signed by the defendant under penalty of perjury.

The defendant will cooperate with in the government as requested by the government in connection with the government's efforts to identify, locate, seize, and forfeit property that is subject to forfeiture under this agreement. The defendant agrees that he will cooperate with the United States by taking whatever steps are necessary to deliver possession of, and clear title to, property that is forfeitable to the United States under this agreement and will execute such legal documents as may be required to transfer title to the United States and by taking whatever steps are necessary to ensure that the property is not sold, disbursed, hidden, wasted or otherwise made unavailable for forfeiture. If any other person or entity has any interest in such property, the defendant will provide the government with the name and address of the person or entity that has an interest in, and/or possession of, the asset, and assist the government in obtaining a release of interest from any such other person or entity.

The defendant waives his right to have a jury determine the forfeitability of his interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

The defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure and/or forfeiture of property covered by this Plea Agreement.

The defendant knowingly, voluntarily, and intelligently waives any statutory and constitutional challenge to the above-described forfeiture including any challenge based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### G.    Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

## 10.    Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed top of the guideline range determined by the Court, the defendant also waives any right he may have to appeal his sentence on any grounds.

## 11.    Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

**12.    Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw her guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**13.    Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**14.    Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 15.    Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 16.    Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by [Time] on [Date]. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

_____
Craig Wininger
Chief, Violent and Organized Crime
Assistant United States Attorney

_____
Ranya Elzein
Trevor Broad
Assistant United States Attorneys

Dated: 12/7/2022

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

_____
Elias Escobedo
Attorney for Defendant

_____
Brandon Bowditch
Defendant

Dated: 12/07/2022

Page 18 of 18